IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF CLÁUDIO DÊNIS MAKSOUD FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No.: 1:25-mc-00163 |

*EX PARTE* **MOTION TO FILE UNDER SEAL CLÁUDIO DÊNIS MAKSOUD'S APPLICATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

EPGD ATTORNEYS AT LAW, P.A.
Attorneys for Petitioner
777 SW 37th Ave. Ste. 510
Miami, FL 33135
T: (786) 837-6787
F: (305) 718-0687
andrea@epgdlaw.com
joanna@epgdlaw.com

Dated: April 14, 2025.

*Counsel for Petitioner Cláudio Dênis Maksoud*

Cláudio Dênis Maksoud ("Cláudio" or "Petitioner") respectfully move for an order authorizing him to file under seal his application pursuant to 28 U.S.C. § 1782 ("Section 1782") for an order authorizing him to issue and serve subpoenas *duces tecum* on the following Correspondent Banks: Bank of America, N.A. ("Bank of America"); Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"); The Clearing House Payments Company LLC ("CHIPS"); and The Federal Reserve Bank of New York ("FED-NY") (together, "Respondents") for use in a foreign proceeding in Brazil ("the Application"), and its supporting documents.

I. **PRELIMINARY STATEMENT**

As set forth in detail in the Application, the dispute has its origins in Mrs. Ilde Birosel Maksoud ("Ilde") probate proceeding in the State of São Paulo, Brazil ("Probate Proceeding"). Petitioner is one of the two sons of Mrs. Ilde, along with his brother Roberto Maksoud ("Roberto").

After thorough investigation, Petitioner found out that some of the assets that belonged to the common estate and shall thus be equally split between all the heirs were concealed from the Ilde's probate proceeding by his brother. Most of these assets are directly linked to transactions conducted through corresponding banks, using American dollars as the main currency.

Petitioner then filed a new proceeding in Brazil, the Concealed Assets Proceeding, in an attempt to gather all the assets that were not originally disclosed by Roberto in the probate proceeding, and have them equally split between the heirs, in accordance with Brazilian Law.

Through this Application, Petitioner seeks to produce evidence on transactions and bank accounts held by Ilde in foreign jurisdictions, which were never disclosed by Roberto to the probate proceeding, even though he had knowledge of their existence. This

evidence will demonstrate to the Brazilian court Roberto's fraudulent behavior as the estate administrator and will definitely lead for the amicable partition plan adopted between the heirs to be annulled.

The ongoing Concealed Assets proceeding is being conducted under seal, as ordered by the Brazilian court on December 03, 2024.[1] Therefore, to preserve the confidentiality of the proceeding and of the parties, as ordered by the Brazilian court, Petitioner respectfully requests that this Court seal the file in this matter.

**II.    DOCUMENTS PETITIONER SEEKS TO FILE UNDER SEAL**

Petitioner seeks leave to this Court to file all papers relating to this matter under seal, including, but without limitation, the following items:

a. This motion to seal the Application;

b. The Application, which described the individuals who may have participated in the transfer of assets belonging to the estate, and sets forth the proposed subpoena recipients;

c. The declaration of Kátia Vilhena Reina in support of the Application, which described the facts and the Brazilian legal provisions applicable to the facts, and all exhibits attached thereto;

d. The Memorandum of Law in Support of the Application (the "MOL"), which summarizes the facts described in the declaration and sets forth the legal arguments and relevant authorities in support of the Application;

e. The [Proposed] Sealed Order, which refers to some of the facts set forth in the Application and the supporting documents.

**III.   A SEALING ORDER IS NECESSARY TO PROTECT PETITITONER'S INTERESTS**

---

[1] The December 03, 2024 Order is attached hereto as **Exhibit A**.

To determine whether to grant a motion to seal, a court must balance the presumption of public access to court filings against various "ccompeting considerations." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006); *U.S. v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995). Those considerations include the danger of impairing law enforcement or judicial efficiency. *Amodeo*, 71 F.3d at 1050. Courts routinely grant requests to seal where there is good cause to believe that evidence will be tampered with or moved outside the jurisdiction of the Court. *See, e.g. In re Kolomoisky,* No. M19-116, 2006 WL 2404332, at *4 (S.D.N.Y. Aug. 18, 2006) (granting a motion to file a Section 1782 application, including the exhibits, under seal) (citing *In re Orion Pictures Corp.,* 24 F.3d 24, 27 (2d Cir. 1994); *In re Request from the Czech Republic*, 2008 WL 179263, at *3 (M.D. Fla. Jan. 17, 2008) (granting a Section 1782 application by government and preventing subpoena recipients from giving "notice to the target or defendant in the foreign criminal proceedings"); *Dell Inc. v. BelgiumDomains, LLC,* No. Civ. 07-22674, 2007 WL 6862341 at *7 (S.D. Fla. Nov. 21, 2007) (sealing order granted because "[i]f Defendants receive advance word of [the] Motion, they will likely destroy evidence or move it out of the jurisdiction"). Even if the Court finds a public right of access to 1782 applications, however, that right is not avsolute and may be overcome by a showing of good cause. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1309 (11th cir. 2001) (the right of access may be overcome by a showing of good cause).

Under the circumstances outlined in connection with the Application, there is ample good cause to grant this Motion. The Concealed Assets Proceeding, to which the information to be produced in this Application will be useful, is currently pending under seal, as ordered by the Brazilian Court, and Ilde's probate proceeding was also conducted under seal. This Order was issued after a request by Petitioner, to provide security to the

parties considering the relevant financial information that may be disclosed in the course of the proceeding.

In addition, after Roberto's attempts to conceal from Petitioner and from the probate proceeding all assets held by their mother in foreign jurisdictions, Petitioner fears that his brother adopts further acts of concealment, evidence destruction and other wrongdoings. *See Chicago Tribune,* 263 F.3d at 1309.

### IV. <u>CONCLUSION</u>

For the aforementioned reasons, Petitioner respectfully requests that this Court grant this motion to seal the Application and direct the Clerk of the Court to file de Application and all supporting papers under seal, seal the docket, and seal all documents filed in this matter. A proposed sealing order, for this Court's consideration, is being submitted concurrently with this Motion.

Dated:     New York, New York

April 14, 2025.

Respectfully submitted,

EPGD ATTORNEYS AT LAW, P.A.
Attorneys for Petitioner
777 SW 37th Ave. Ste. 510
Miami, FL 33135
T: (786) 837-6787
F: (305) 718-0687
andrea@epgdlaw.com
joanna@epgdlaw.com

*Counsel for Petitioner Cláudio Dênis Maksoud*